■ JOSEPH MEYER et al., Appellants, v GOLDMAN SACHS & Co. et al., Respondents. [651 NYS2d 304] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered October 26, 1995, dismissing the complaint and bringing up for review an order of the same court and Justice, entered October 12, 1995, which granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs. Appeal from the order unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

The IAS Court properly granted defendants' motion pursu-

ant to CPLR 3211 (a) (7) to dismiss the complaint, since plaintiffs, former shareholders of Centel Corporation, failed to allege sufficient facts evincing that they had a relationship substantially approaching privity with defendant investment bankers, who were hired by Centel's board of directors during a period of declining earnings to explore strategic alternatives for the company, including its possible sale (*Credit Alliance Corp. v Andersen & Co.*, 65 NY2d 536). Plaintiffs also failed to allege sufficient facts with respect to the existence of a principal and agent relationship with defendants. The nonmanagement directors, who, plaintiffs alleged, were their representatives, were not members of a special committee set up specifically to advise and protect their interests in a buyout auction in which management was a participant and the end and aim of which was to obtain for them the highest possible price for their stock (*compare, Schneider v Lazard Freres & Co.*, 159 AD2d 291, 295-297). Concur—Murphy, P. J., Sullivan, Milonas, Rubin and Andrias, JJ.